UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**GREG B. SCHANKIN,**
an individual,

        Case No.:
   **Plaintiff,**        Hon.:
        Magistrate:

*-vs-*

**COMMERCIAL STEEL TREATING CORPORATION,**
a Michigan corporation, and
**HCI EQUITY PARTNERS,**
a foreign corporation,

   **Defendants.**
_____/
BURGESS SHARP & GOLDEN, PLLC
Attorneys for Plaintiff
BY:   Joseph A. Golden (P14105)
Syeda F. Davidson (P72801)
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627
joseph@bsglawfirm.com
syeda@bsglawfirm.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Greg B. Schankin ("PLAINTIFF"), through his attorneys at Burgess Sharp & Golden, PLLC, states the following for his Complaint against Commercial Steel

Treating Corporation ("COMMERCIAL STEEL") and HCI Equity Partners ("HCI") (collectively, "DEFENDANTS"):

1. Plaintiff is a resident of Clinton Township, Michigan, which is located in the County of Macomb.

2. Commercial Steel is a domestic profit corporation, headquartered in Madison Heights, Michigan.

3. Commercial Steel conducts business throughout the State of Michigan.

4. HCI is a foreign profit corporation, headquartered in Minneapolis, Minnesota.

5. HCI conducts business throughout the State of Michigan.

6. This Court has jurisdiction under the Age Discrimination in Employment Act, 29 USC 621 et seq. ("ADEA") and pendant jurisdiction over the state law claims under 28 USC 1367(a).

## GENERAL ALLEGATIONS

7. Plaintiff incorporates the preceding paragraphs by reference.

8. Plaintiff's date of birth is November 16, 1961.

9. Plaintiff was hired as Commercial Steel's human resources manager in 1997.

10. Commercial Steel also owns a company called Curtis Metal Finishing Company ("CURTIS").

11. Plaintiff worked diligently for Defendant and received substantial raises throughout the course of his employment.

12. In July of 2015, HCI acquired Commercial Steel and Curtis.

13. At the time of the acquisition, HCI also owned Tribar Manufacturing ("TRIBAR"). Later, HCI also acquired Adept Plastic Finishing ("ADEPT").

14. Commercial Steel, Curtis, Tribar, and Adept offered similar products and services, and HCI hired Jeff Wilson ("WILSON") to serve as President and CEO of all four companies.

15. Plaintiff continued to serve as human resources director for all four companies.

16. In April of 2018, Plaintiff noticed that older employees were being terminated for no reason. Plaintiff was concerned that Defendants were discriminating against its employees on the basis of their ages.

17. Plaintiff repeatedly expressed concerns that Defendants were discriminating against its employees to Mike Zimmerman, the general manager at Curtis ("ZIMMERMAN") and Jeff Myles, the general counsel ("MYLES").

18. In May of 2018, Wilson again asked Plaintiff to prepare severance agreements for two older employees, for no reason. Plaintiff told Wilson that he

was concerned that Defendants were discriminating against older employees on the basis of their ages.

19. Between May of 2018 and August of 2018, Defendants began to hire more management employees.

20. While hiring new employees, Wilson asked Plaintiff to provide all of the documents that he used during the course of his employment and all of the information that he had regarding his responsibilities.

21. On July 31, 2018, Plaintiff learned that Defendants had removed his name from the corporate organization chart without his knowledge.

22. Plaintiff learned that Carolyn Espinoza ("ESPINOZA") had listed herself as Defendants' human resources director on LinkedIn.

23. On August 3, 2018, Wilson advised Plaintiff that he was going to reorganize the human resources function from just Plaintiff to four generalists, one in each building.

24. Wilson further advised Plaintiff that, although he was adding generalists, Plaintiff's employment was terminated.

25. Plaintiff advised Wilson that he was a generalist. Wilson responded that Plaintiff was not a generalist, that he was too high up, and that he was going to retire anyway.

26. Plaintiff advised Wilson that he had no intention of retiring. Wilson instructed him to leave immediately and to return for his personal belongings after hours.

27. At the time of Plaintiff's termination, he was fifty-six years old.

28. Espinoza was forty-nine years old at the time that she replaced Plaintiff as human resources director.

29. Following his termination, Plaintiff filed a timely Charge of Discrimination and Retaliation with the Equal Employment Opportunity Commission ("EEOC").

30. Plaintiff received a Notice of Right to Sue from the EEOC dated July 10, 2019.

**COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

31. Plaintiff incorporates the preceding paragraphs by reference.

32. At all material times, Plaintiff was an employee, and Defendants were his employer, covered by and within the meaning of the ADEA.

33. Plaintiff was qualified for his position as human resources director.

34. Plaintiff was fifty-six years old at the time of his termination.

35. Plaintiff's age was the sole factor in the decision to terminate him.

36. Plaintiff was replaced by a younger employee when he was terminated.

37. Defendants' actions were intentional in disregard for Plaintiff's rights and sensibilities.

38. The reasons given for Plaintiff's termination were inaccurate, untrue, or otherwise in violation of his statutory rights. They were manufactured as a pretext to cover up the employer's intent to discriminate against Plaintiff because of his age.

39. As a direct result of the employer's discrimination, Plaintiff suffered lost wages, lost benefits, loss of future wages, emotional distress, and loss of employment opportunities.

### COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

40. Plaintiff incorporates the preceding paragraphs by reference.

41. At all material times, Plaintiff was an employee, and Defendants were his employers, covered by and within the meaning of ELCRA.

42. Plaintiff was fifty-six years old at the time of his termination.

43. Plaintiff was qualified for his position as human resources director.

44. Plaintiff's age was a factor in the decision to terminate him.

45. Had Plaintiff been a younger person, he would not have been terminated.

46. Plaintiff was replaced by a younger employee when he was terminated.

47. Defendants' actions were intentional in disregard for Plaintiff's rights and sensibilities.

48. The reasons given for Plaintiff's termination by Defendants were inaccurate, untrue, or otherwise in violation of Plaintiff's statutory rights. They were manufactured as a pretext to cover up the employer's intent to discriminate against Plaintiff because of his age.

49. As a direct result of employer's discriminatory actions, Plaintiff suffered lost wages, lost benefits, loss of future wages, emotional distress, and loss of employment opportunities.

## COUNT III – RETALIATION IN VIOLATION OF THE ADEA

50. Plaintiff incorporates the preceding paragraphs by reference.

51. Defendants retaliated against Plaintiff for having complained about their discriminatory practices as described above.

52. Plaintiff opposed Defendants' practice of age discrimination repeatedly in the months leading up to his termination.

53. As a result of Plaintiff's complaints, he was terminated.

54. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights.

55. As a direct and proximate result of Defendants' actions, Plaintiff has suffered lost wages, lost benefits, loss of future wages, loss of employment

opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life.

## COUNT IV – RETALIATION IN VIOLATION OF ELCRA

56. Plaintiff incorporates the preceding paragraphs by reference.

57. Plaintiff opposed Defendants' discriminatory actions repeatedly before his termination.

58. As a result of Plaintiff's complaints, Defendants terminated his employment.

59. Defendants' actions were intentional in disregard for Plaintiff's rights.

60. As a result of Defendants' illegal retaliation, Plaintiff suffered lost wages, lost benefits, loss of future wages, loss of employment opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life.

Plaintiff respectfully requests that this Honorable Court grant whatever legal or equitable relief it finds necessary to compensate Plaintiff for his lost wages, lost benefits, loss of future wages, loss of employment and advancement opportunities, humiliation and embarrassment, mental and emotional distress, and attorney fees and costs.

Dated: October 4, 2019	Respectfully submitted,

BURGESS SHARP & GOLDEN, PLLC

By: /s/ *Joseph A. Golden*
Joseph A. Golden, P14105
Attorney for Plaintiff
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff, through his attorney, hereby demands a jury trial.

Dated: October 4, 2019	Respectfully submitted,

BURGESS SHARP & GOLDEN, PLLC

By: /s/ *Joseph A. Golden*
Joseph A. Golden, P14105
Attorney for Plaintiff
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627