## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**GREG B. SCHANKIN,**
**an individual,**

        *Plaintiff*,

                                Case No.: 2:19-cv-12909
                                Hon.: Terrence G. Berg

**v.**

**COMMERCIAL STEEL TREATING**
**CORPORATION, a Michigan corporation,**
**and HCI EQUITY PARTNERS, a**
**foreign corporation,**

        *Defendants*.

---

| | |
|---|---|
| **BURGESS SHARP & GOLDEN, PLLC** | **VAN SUILICHEM & ASSOCIATES, P.C.** |
| **By: Joseph A. Golden (P14105)** | **By: Donald A. Van Suilichem (P25632)** |
| **and Syeda F. Davidson (P72801)** | **and Kelly A. Van Suilichem (P69902)** |
| Attorney for Plaintiff | Attorneys for Defendants Commercial Steel Treating |
| 43260 Garfield Road, Ste. 280 | Corporation and HCI Equity Partners |
| Clinton Township, MI 48038 | 40900 Woodward Ave., Ste. 111 |
| Telephone: (586) 226-2627 | Bloomfield Hills, MI 48304 |
| joseph@bsglawfirm.com | Telephone: (248) 644-2419 |
| syeda@bsglawfirm.com | Fax: (248) 644-3963 |
| | dvslawyer@dvsemploymentlaw.com |
| | kelly.van@kvslaw.com |

---

## DEFENDANT HCI EQUITY PARTNER'S ANSWER TO THE COMPLAINT

NOW COMES, Defendant, HCI EQUITY PARTNERS ("HCI"), by and through

its attorneys, DONALD A. VAN SUILICHEM and KELLY A. VAN SUILICHEM of Van

Suilichem & Associates, P.C., and for its Answer to Plaintiff's Complaint, states as

follows:

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

**ALLEGATION:**

1.    Plaintiff is a resident of Clinton Township, Michigan, which is located in the County of Macomb.

**RESPONSE:**

**1.    Upon information and belief, Defendant HCI admits the allegations contained in Paragraph 1 of the Complaint.**

**ALLEGATION:**

2.    Commercial Steel is a domestic profit corporation, headquartered in Madison Heights, Michigan.

**RESPONSE:**

**2.    Admitted.**

**ALLEGATION:**

3.    Commercial Steel conducts business throughout the State of Michigan.

**RESPONSE:**

**3.    Admitted.**

697.002:DVS:PLS:42435-HCI's Answer to Complaint (01-03-20)

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

**ALLEGATION:**

4.     HCI is a foreign profit corporation, headquartered in Minneapolis, Minnesota.

**RESPONSE:**

**4.     Defendant HCI denies the allegations contained in Paragraph 4 of the Complaint.**

**ALLEGATION:**

5.     HCI conducts business throughout the State of Michigan.

**RESPONSE:**

**5.     Defendant HCI denies the allegations contained in Paragraph 5 of the Complaint for the reason that they are untrue.**

**ALLEGATION:**

6.     This Court has jurisdiction under the Age Discrimination in Employment Act, 29 USC 621 et seq. ("ADEA") and pendant jurisdiction over the state law claims under 28 USC 1367(a).

**RESPONSE:**

**6.      Admitted as to Defendant Commercial Steel, but denied as to Defendant HCI since Plaintiff failed to comply with the jurisdictional requirements of filing a Charge with the EEOC against HCI and failed to obtain a Right to Sue Letter on a claim against HCI and, therefore, this Court does not have jurisdiction under Title VII over claims against HCI. Plaintiff does not have long-arm jurisdiction over HCI for claims brought by Plaintiff under state law.**

## GENERAL ALLEGATIONS

**ALLEGATION:**

7.      Plaintiff incorporates the preceding paragraphs by reference.

**RESPONSE:**

**7.      Defendant HCI reincorporates by reference its responses to the allegations set forth in Paragraphs 1 through 6 as if fully restated herein.**

**ALLEGATION:**

8.      Plaintiff's date of birth is November 16, 1961.

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

**RESPONSE:**

**8.     Upon information and belief, Defendant HCI states that Plaintiff's date of birth as reported to Commercial Steel by Plaintiff is November 18, 1961 not November 16, 1961.**

**ALLEGATION:**

9.     Plaintiff was hired as Commercial Steel's human resources manager in 1997.

**RESPONSE:**

**9.     Defendant HCI admits that Plaintiff was hired as the Human Resources Manager of Commercial Steel effective December 8, 1997.**

**ALLEGATION:**

10.     Commercial Steel also owns a company called Curtis Metal Finishing Company ("CURTIS").

**RESPONSE:**

**10.     Admitted.**

**ALLEGATION:**

11.     Plaintiff worked diligently for Defendant and received substantial raises throughout the course of his employment.

697.002:DVS:PLS:42435-HCI's Answer to Complaint (01-03-20)

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

**RESPONSE:**

**11.     Defendant HCI admits that Plaintiff worked for Commercial Steel as his employer and received pay increases over the course of years, but deny the remaining allegations contained in Paragraph 11 of the Complaint for the reason that they are untrue.**

**ALLEGATION:**

12.     In July of 2015, HCI acquired Commercial Steel and Curtis.

**RESPONSE:**

**12.     HCI admits that HCI acquired a stock interest in Commercial Steel and Curtis in July 2015.**

**ALLEGATION:**

13.     At the time of the acquisition, HCI also owned Tribar Manufacturing ("TRIBAR"). Later, HCI also acquired Adept Plastic Finishing ("ADEPT").

**RESPONSE:**

**13.     HCI admits that HCI acquired a stock interest in Tribar in March 2015 and Adept in March 2016.**

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

**ALLEGATION:**

14. Commercial Steel, Curtis, Tribar, and Adept offered similar products and services, and HCI hired Jeff Wilson ("WILSON") to serve as President and CEO of all four companies.

**RESPONSE:**

**14. Jeff Wilson was appointed as the Chairman of the HCI Industrial Portfolio Group in January 2018, which included Adept, Tribar, Commercial Steel and Curtis. In May 2018, Mr. Wilson assumed the position of CEO and President of the four companies in the Industrial Portfolio Group and immediately assumed responsibility for the day-to-day operations of Curtis Metal Finishing Division.**

**ALLEGATION:**

15. Plaintiff continued to serve as human resources director for all four companies.

**RESPONSE:**

**15. Defendant HCI denies the allegations contained in Paragraph 15 of the Complaint for the reason that they are untrue. In 2018 Plaintiff was not acting in the role of a Human Resources Director for the four companies in the Industrial Portfolio Group.**

697.002:DVS:PLS:42435-HCI's Answer to Complaint (01-03-20)

**A**LLEGATION**:**

16.    In April of 2018, Plaintiff noticed that older employees were being terminated for no reason. Plaintiff was concerned that Defendants were discrimination against its employees on the basis of their ages.

**R**ESPONSE**:**

**16.    Defendant HCI denies that there was a pattern of terminating older employees and denies that any terminations that did occur were for "no reason" as alleged by Plaintiff. Defendant HCI is without knowledge as to Plaintiff's state of mind as to what he believed in April 2018. HCI further denies that employment terminations in 2018 were based in whole or part on the age of the terminated employees.**

**A**LLEGATION**:**

17.    Plaintiff repeatedly expressed concerns that Defendants were discriminating against its employees to Mike Zimmerman, the general manager at Curtis ("ZIMMERMAN") and Jeff Myles, the general counsel ("MYLES").

**R**ESPONSE**:**

**17.    Defendant HCI denies the allegations contained in Paragraph 17 of the Complaint relating to Mike Zimmerman for the reason that they are untrue. Defendant HCI objects to all communications between Plaintiff and**

-8-

**Jeff Myles who was employed as the V.P. and General Counsel for Commercial Steel, on the basis of attorney/client privilege.**

ALLEGATION:

18.    In May of 2018, Wilson again asked Plaintiff to prepare severance agreements for two older employees, for no reason. Plaintiff told Wilson that he was concerned that Defendants were discriminating against older employees on the basis of their ages.

RESPONSE:

**18.    HCI denies the allegations contained in Paragraph 18 of the Complaint for the reason that they are untrue.**

ALLEGATION:

19.    Between May of 2018 and August of 2018, Defendants began to hire more management employees.

RESPONSE:

**19.    HCI admits that as part of the reorganization, management employees were hired in 2018 to provide a better skill level, to perform new functions or to replace departed employees.**

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

**ALLEGATION:**

20.     While hiring new employees, Wilson asked Plaintiff to provide all of the documents that he used during the course of his employment and all of the information that he had regarding his responsibilities.

**RESPONSE:**

**20.     Defendant HCI denies the allegations contained in Paragraph 20 of the Complaint for the reason that they are untrue.**

**ALLEGATION:**

21.     On July 31, 2018, Plaintiff learned that Defendants had removed his name from the corporate organization chart without his knowledge.

**RESPONSE:**

**21.     HCI has no knowledge or information as to what Plaintiff claims to have learned on July 31, 2018.**

**ALLEGATION:**

22.     Plaintiff learned that Carolyn Espinoza ("ESPINOZA") had listed herself as Defendants' human resources director on LinkedIn.

**RESPONSE:**

**22.     Defendant HCI is without knowledge or information as to what Plaintiff discovered on LinkedIn regarding Carolyn Espinoza or when such discovery was allegedly made.**

**ALLEGATION:**

23.     On August 3, 2018, Wilson advised Plaintiff that he was going to reorganize the human resources function from just Plaintiff to four generalists, one in each building.

**RESPONSE:**

**23.     HCI admits that Wilson advised Plaintiff that each company would have a human resources generalist but denies that Plaintiff was the Human Resources Director for the four companies.**

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

**ALLEGATION:**

24.    Wilson further advised Plaintiff that, although he was adding generalists, Plaintiff's employment was terminated.

**RESPONSE:**

**24.    Defendant HCI admits that Jeff Wilson advised Plaintiff that as part of the reorganization, he advised Plaintiff that he was placing a HR generalist at the facilities. Defendant HCI further admits that Wilson advised Plaintiff that as a result of the reorganization, he was being terminated.**

**ALLEGATION:**

25.    Plaintiff advised Wilson that he was a generalist. Wilson responded that Plaintiff was not a generalist, that he was too high up, and that he was going to retire anyway.

**RESPONSE:**

**25.    HCI denies the allegations contained in Paragraph 25 of the Complaint for the reason that they are untrue.**

697.002:DVS:PLS:42435-HCI's Answer to Complaint (01-03-20)

<u>**ALLEGATION:**</u>

26.     Plaintiff advised Wilson that he had no intention of retiring. Wilson instructed him to leave immediately and to return for his personal belongings after hours.

<u>**RESPONSE:**</u>

**26.     Defendant HCI denies the allegations contained in Paragraph 26 of the Complaint for the reason that they are untrue.**

<u>**ALLEGATION:**</u>

27.     At the time of Plaintiff's termination, he was fifty-six years old.

<u>**RESPONSE:**</u>

**27.     Based on the information provided to the Commercial Steel by Plaintiff, HCI admits the allegations contained in Paragraph 27 of the Complaint.**

<u>**ALLEGATION:**</u>

28.     Espinoza was forty-nine years old at the time that she replaced Plaintiff as human resources director.

<u>**RESPONSE:**</u>

**28.     HCI admits that at the time Plaintiff was advised of his termination in August 2018, Carolyn Espinoza was 49. Defendant HCI denies**

-13-

the remaining allegations contained in Paragraph 28 of the Complaint for the reason that they are untrue.

**ALLEGATION:**

29.     Following his termination, Plaintiff filed a timely Charge of Discrimination and Retaliation with the Equal Employment Opportunity Commission ("EEOC").

**RESPONSE:**

**29.     Defendant HCI is without knowledge or information sufficient to admit the allegations contained in Paragraph 29 of the Complaint and, therefore, denies same. The information received by Commercial Steel indicated that Plaintiff had filed a formal charge with the EEOC against Commercial Steel. Defendant HCI denies that any charge of discrimination against HCI was filed by Plaintiff with the EEOC.**

**ALLEGATION:**

30.     Plaintiff received a Notice of Right to Sue from the EEOC dated July 10, 2019.

**RESPONSE:**

**30.     Defendant HCI admits that the EEOC issued a Right to Sue Letter dated July 10, 2019 involving Commercial Steel but is without**

**knowledge or information as to when Plaintiff received this notice.  HCI further states that no Charge or Right to Sue Letter was ever issued by the EEOC against HCI.**

### COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ADEA

**ALLEGATION:**

31.     Plaintiff incorporates the preceding paragraphs by reference.

**RESPONSE:**

**31.     Defendant HCI reincorporates by reference its answers to the allegations contained in Paragraphs 1 to 30 as if fully restated herein.**

**ALLEGATION:**

32.     At all material times, Plaintiff was an employee, and Defendants were his employer, covered by and within the meaning of the ADEA.

**RESPONSE:**

**32.     Defendant HCI admits that Plaintiff was an employee of Commercial Steel but denies that he was an employee of HCI Equity Partners.**

-15-

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

**ALLEGATION:**

33.    Plaintiff was qualified for his position as human resources director.

**RESPONSE:**

**33.    Defendant HCI denies the allegations contained in Paragraph 33 of the Complaint for the reason that they are untrue.**

**ALLEGATION:**

34.    Plaintiff was fifty-six years old at the time of his termination.

**RESPONSE:**

**34.    Upon information and belief, Defendant HCI admits that he was 56 at the time of his termination.**

**ALLEGATION:**

35.    Plaintiff's age was the sole factor in the decision to terminate him.

**RESPONSE:**

**35.    Defendant HCI denies the allegations contained in Paragraph 35 of the Complaint for the reason that they are untrue.**

-16-

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

**<u>ALLEGATION</u>:**

36.    Plaintiff was replaced by a younger employee when he was terminated.

**<u>RESPONSE</u>:**

**36.    Defendant HCI denies the allegations contained in Paragraph 36 of the Complaint for the reason that they are untrue.**

**<u>ALLEGATION</u>:**

37.    Defendants' actions were intentional in disregard for Plaintiff's rights and sensibilities.

**<u>RESPONSE</u>:**

**37.    Defendant HCI denies the allegations contained in Paragraph 37 of the Complaint for the reason that they are untrue.**

## ALLEGATION:

38.     The reasons given for Plaintiff's termination were inaccurate, untrue, or otherwise in violation of his statutory rights. They were manufactured as a pretext to cover up the employer's intent to discriminate against Plaintiff because of his age.

## RESPONSE:

**38.     Defendant HCI denies the allegations contained in Paragraph 38 of the Complaint for the reason that they are untrue.**

## ALLEGATION:

39.     As a direct result of the employer's discrimination, Plaintiff suffered lost wages, lost benefits, loss of future wages, emotional distress, and loss of employment opportunities.

## RESPONSE:

**39.     Defendant HCI denies the allegations contained in Paragraph 39 of the Complaint for the reason that they are untrue.**

## COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

**ALLEGATION:**

40.     Plaintiff incorporates the preceding paragraphs by reference.

**RESPONSE:**

**40.     Defendant HCI reincorporates by reference its answers to the allegations contained in Paragraphs 1 to 39 as if fully restated herein.**

**ALLEGATION:**

41.     At all material times, Plaintiff was an employee, and Defendants were his employers, covered by and within the meaning of ELCRA.

**RESPONSE:**

**41.     Defendant HCI admits that Plaintiff was an employee of Commercial Steel but denies that he was an employee of HCI Equity Partners.**

**ALLEGATION:**

42.     Plaintiff was fifty-six years old at the time of his termination.

**RESPONSE:**

**42.     Upon information and belief, Defendant HCI admits the allegations contained in Paragraph 42 of the Complaint.**

**ALLEGATION:**

43.     Plaintiff was qualified for his position as human resources director.

**RESPONSE:**

**43.     Defendant HCI denies the allegations contained in Paragraph 43 of the Complaint for the reason that they are untrue.**

**ALLEGATION:**

44.     Plaintiff's age was a factor in the decision to terminate him.

**RESPONSE:**

**44.     Defendant HCI denies the allegations contained in Paragraph 44 of the Complaint for the reason that they are untrue.**

**ALLEGATION:**

45.     Had Plaintiff been a younger person, he would not have been terminated.

**RESPONSE:**

**45.     Defendant HCI denies the allegations contained in Paragraph 45 of the Complaint for the reason that they are untrue.**

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

**<u>ALLEGATION</u>:**

46.    Plaintiff was replaced by a younger employee when he was terminated.

**<u>RESPONSE</u>:**

**46.    Defendant HCI denies the allegations contained in Paragraph 46 of the Complaint for the reason that they are untrue.**

**<u>ALLEGATION</u>:**

47.    Defendants' actions were intentional in disregard for Plaintiff's rights and sensibilities.

**<u>RESPONSE</u>:**

**47.    Defendant HCI denies the allegations contained in Paragraph 47 of the Complaint for the reason that they are untrue.**

697.002:DVS:PLS:42435-HCI's Answer to Complaint (01-03-20)

**ALLEGATION:**

48.    The reasons given for Plaintiff's termination by Defendants were inaccurate, untrue, or otherwise in violation of Plaintiff's statutory rights. They were manufactured as a pretext to cover up the employer's intent to discriminate against Plaintiff because of his age.

**RESPONSE:**

**48.    Defendant HCI denies the allegations contained in Paragraph 48 of the Complaint for the reason that they are untrue.**

**ALLEGATION:**

49.    As a direct result of employer's discriminatory actions, Plaintiff suffered lost wages, lost benefits, loss of future wages, emotional distress, and loss of employment opportunities.

**RESPONSE:**

**49.    Defendant HCI denies the allegations contained in Paragraph 49 of the Complaint for the reason that they are untrue.**

## COUNT III – RETALIATION IN VIOLATION OF THE ADEA

**ALLEGATION:**

50.    Plaintiff incorporates the preceding paragraphs by reference.

**RESPONSE:**

**50.    Defendant HCI reincorporates by reference its answers to the allegations contained in Paragraphs 1 to 49 as if fully restated herein.**

**ALLEGATION:**

51.    Defendants retaliated against Plaintiff for having complained about their discriminatory practices as described above.

**RESPONSE:**

**51.    Defendant HCI denies the allegations contained in Paragraph 51 of the Complaint for the reason that they are untrue.**

**ALLEGATION:**

52.    Plaintiff opposed Defendants' practice of age discrimination repeatedly in the months leading up to his termination.

**RESPONSE:**

**52.    Defendant HCI denies the allegations contained in Paragraph 52 of the Complaint for the reason that they are untrue.**

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

**ALLEGATION:**

53.     As a result of Plaintiff's complaints, he was terminated.

**RESPONSE:**

**53.     Defendant HCI denies the allegations contained in Paragraph 53 of the Complaint for the reason that they are untrue.**

**ALLEGATION:**

54.     Defendants' actions were intentional, with reckless indifference to Plaintiff's rights.

**RESPONSE:**

**54.     Defendant HCI denies the allegations contained in Paragraph 54 of the Complaint for the reason that they are untrue.**

**ALLEGATION:**

55.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered lost wages, lost benefits, loss of future wages, loss of employment opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life.

**RESPONSE:**

**55.     Defendant HCI denies the allegations contained in Paragraph 55 of the Complaint for the reason that they are untrue.**

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

## COUNT IV – RETALIATION IN VIOLATION OF ELCRA

**ALLEGATION:**

56.     Plaintiff incorporates the preceding paragraphs by reference.

**RESPONSE:**

**56.     Defendant HCI reincorporates by reference its answers to the allegations contained in Paragraphs 1 to 55 as if fully restated herein.**

**ALLEGATION:**

57.     Plaintiff opposed Defendants' discriminatory actions repeatedly before his termination.

**RESPONSE:**

**57.     Defendant HCI denies the allegations contained in Paragraph 57 of the Complaint for the reason that they are untrue.**

**ALLEGATION:**

58.     As a result of Plaintiff's complaints, Defendants terminated his employment.

**RESPONSE:**

**58.     Defendant HCI denies the allegations contained in Paragraph 58 of the Complaint for the reason that they are untrue.**

-25-

*Defendant Commercial Steel Treating Corporation's Answer to Complaint – continued*

<u>**ALLEGATION:**</u>

59.    Defendants' actions were intentional in disregard for Plaintiff's rights.

<u>**RESPONSE:**</u>

**59.    Defendant HCI denies the allegations contained in Paragraph 59 of the Complaint for the reason that they are untrue.**

<u>**ALLEGATION:**</u>

60.    As a result of Defendants' illegal retaliation, Plaintiff suffered lot wages, lost benefits, loss of future wages, loss of employment opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life.

<u>**RESPONSE:**</u>

**60.    Defendant HCI denies the allegations contained in Paragraph 60 of the Complaint for the reason that they are untrue.**

**AFFIRMATIVE DEFENSES**

**For its first, separate and complete Affirmative defense, Defendant HCI states that HCI is not an employer as defined under the ADEA or the Michigan Civil Rights Act.**

For its second separate and complete affirmative defense, Defendant HCI states that Plaintiff failed to comply with the jurisdictional prerequisites of the ADEA as a result of his failure to file a charge against HCI or to receive a right to sue letter.

Wherefore, Defendant HCI requests that the Plaintiff's Complaint be dismissed and that it be awarded its costs and attorney fees.

Respectfully Submitted,

**VAN SUILICHEM & ASSOCIATES, P.C.**

By: s/Donald A. Van Suilichem
**Donald A. Van Suilichem (P25632)
and Kelly A. Van Suilichem (P69902)**
Attorneys for Defendants Commercial Steel Treating Corporation and HCI Equity Partners
40900 Woodward Avenue, Suite 111
Bloomfield Hills, Michigan 48304
Telephone: (248) 644-2132
Fax: (248) 644-3963
dvslawyer@dvsemploymentlaw.com
Dated: January 3, 2020                    kelly.van@kvslaw.com