UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GREG B. SCHANKIN**, | 2:19-CV-12909-TGB-APP |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | **ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL (ECF NO. 66)** |
| **COMMERCIAL STEEL TREATING CORP. et al.**, | |
| Defendants. | |

Greg B. Schankin sued his former employer, Commercial Steel Treating Corporation ("Commercial Steel") for unlawfully terminating Schankin's employment based on his age, in violation of the federal Age Discrimination in Employment Act, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"). ECF No. 1, PageID.4-7.

A jury trial was held in this matter in December 2024. ECF No. 64, PageID.1024. On December 18, 2024, the jury found that Commercial Steel did discriminate against Schankin because of his age, in violation of ELCRA. *Id.* at PageID.1022. The jury then awarded Schankin $1.00 in back pay damages, $1.00 in front pay damages, and $1.00 in non-economic damages. *Id.* at PageID.1023-1024. Schankin has now moved this Court to either enter an amended judgment awarding him a greater amount in damages, or to order that a new trial take place to determine the amount of damages Schankin should be awarded.

However, after reviewing the record and the law, the Court concludes that it cannot provide Schankin with the relief he seeks. His Motion will be **DENIED**.

## I. BACKGROUND

Schankin and Commercial Steel presented evidence at trial on the issue of what damages Schankin could recover. Before his employment as HR Manager for Commercial Steel and Curtis Metal Finishing was terminated, Schankin's salary was $102,000, with a car allowance of $6,500 per month. ECF No. 66, PageID.1040. After Schankin's employment was terminated, he secured work at another business, Johnstone Supply, at which he originally earned a salary of $70,000. ECF No. 66, PageID.1040-41; ECF No 66-1, PageID.1045. His salary has since increased to $75,000. ECF No. 66-1, PageID.1045. There was a 29-week period in between Schankin being terminated from Commercial Steel and his being hired at Johnstone Supply.

At trial, Commercial Steel presented evidence that they eliminated Schankin's role of HR Manager at two facilities: Commercial Steel and Curtis Finishing. ECF No. 67, PageID.1053. Instead, Commercial Steel hired Carolyn Espinoza to oversee six related facilities, rather than two. *Id.* Commercial Steel then restructured its human resources staffing, so that each facility had a plant-level HR generalist who would answer to Espinoza. *Id.* at PageID.1051. The salary range for those generalists was

2

$35,000 to $70,000. *Id.* Commercial Steel argues that this record leads to the inference that had Schankin not been terminated from his employment, the alternative was that Schankin would have been assigned to a generalist role. ECF No. 67, PageID.1051. Schankin filed no Reply challenging this assertion.

Schankin filed his Motion for New Trial on Damages on January 8, 2025. In it, Schankin argued that he should have been awarded either $540,869 in damages, or $939,711.36, depending on whether one compared his current salary to Schankin's previous salary at Commercial Steel, or Espinoza's salary when she replaced Schankin. ECF No. 66, PageID.1028-29. Commercial Steel filed a Response on January 16, 2025. ECF No. 67.

## II. ANALYSIS

Schankin moves the Court to order that a new trial be held on the amount of damages he should receive as compensation for the discriminatory action that the jury found Commercial Steel had committed against him. Alternatively, Schankin moves for the Court to enter an amended judgment to reflect the amount of damages the jury should have awarded him. For the reasons that follow, the Court cannot provide the relief requested.

## A. The Jury's Verdict on Damages Could Have Reasonably Been Reached

Federal district courts may grant a new trial after a jury trial on all or some issues, for any reason for which a new trial has been granted in an action at law in federal court. Fed. R. Civ. P. 59. Federal courts have granted new trials when the jury has "awarded damages in an amount substantially less than unquestionably proved by the plaintiff's uncontradicted and undisputed evidence." *Bell v. Johnson*, 404 F.3d 997, 1002-03 (6th Cir. 2005) (*quoting Walker v. Bain*, 257 F.3d 660, 674 (6th Cir. 2001)). However, the court "may not grant a new trial on the ground of insufficient damages unless the jury verdict is one that *could not reasonably have been reached*." *Bell*, 404 F.3d at 1003 (emphasis added, *quoting Walker*, 257 F.3d at 674). Indeed, "[t]he scope of review of a damage award is extremely narrow." *Walker*, 257 F.3d at 674. "[I]f a reasonable juror could reach the challenged verdict, a new trial is improper." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 821 (6th Cir. 2000).

Schankin argues that the jury could not reasonably have awarded him $2 in front and back pay. ECF No. 66, PageID.1042. He argues that because he presented evidence that he intends to work until 75 years old, evidence of the time he spent unemployed, and evidence of the difference between his current salary and the salary that Schankin and Espinoza

earned at Commercial Steel, that Schankin is entitled to between $658,994 and $1,090,863.36 in economic damages. *Id.*

For Schankin's argument to succeed, the jury would have to conclude that Defendant discriminated against him by terminating his employment and causing him to accept a lower-paying job. But the jury also heard evidence that Commercial Steel's new CEO Jeff Wilson had decided to restructure the company's HR department: instead of Schankin overseeing the HR departments of four facilities, Carolyn Espinoza would be hired to oversee the HR department of six facilities. ECF No. 67, PageID.1053. Wilson's plan was to hire plant-level HR generalists to service each of the four plants, each of whom would answer to Espinoza. *Id.* at PageID.1051-53. Those generalist roles had a salary range of $35,000 to $70,000. *Id.* at PageID.1051.

At trial, Schankin testified that he met with Wilson, who told him of this restructuring plan and indicated that Schankin was going to be terminated. *Id.* at PageID.1051. Schankin stated that he expressed interest in being a generalist. *Id.* But Wilson responded that Schankin "was too high up and [was] going to retire anyway." *Id.*

Based on the record evidence, the jury could have reasonably found that Wilson intended to replace Schankin with Espinoza in order to implement the restructuring plan. Given that Schankin was a long-serving executive at the company, it would not be unreasonable for the

5

jurors to conclude that Wilson would prefer his hand-picked person over Schankin to carry out the new plan strictly for business reasons and not because of Schankin's age.

But the jury found that Commercial Steel had discriminated against Schankin because of his age. How could such a finding square with an award of only nominal damages? The answer is in the evidence that was before the jury. When Schankin raised the issue of whether he could be retained as a generalist, on a significantly lower salary, CEO Wilson then raised the issue of age and seniority, pointing out that Schankin was "too high up" and going to retire anyway. The jury could have reasonably found that Wilson discriminated against Schankin in denying Schankin a generalist role, not in the decision to replace him with Espinoza. ECF No. 67, PageID.1051.

If the jury so viewed the evidence, what Schankin *lost* as a result of discrimination was the opportunity to work as an HR generalist for Commercial Steel—not his higher paying HR Director position. Under such circumstances, Schankin's damages would necessarily be nominal because the HR generalist positions paid between $35,000 and $70,000, and Schankin quickly found new employment at the $70,000 level. Such a reading of the evidence makes the jury's damage award reasonable, and precludes a new trial. Under Michigan law, front and back pay are awarded based on the difference between what one is earning and what

6

one would be earning but for discrimination. *McCamey v. Detroit Bd. of Educ.*, No. 216340, 2001 WL 755919, at *2 (Mich. Ct. App. Feb. 2, 2001) (*citing Goins v. Ford Motor Co.,* 131 Mich. App. 185, 199 (1983)); *Morris v. Clawson Tank Co.*, 459 Mich. 256, 264 (1998).

Based on the evidence presented at trial, the jury could reasonably have found that but for the age discrimination, Schankin would have been given the opportunity to stay on at Commercial Steel in the position of an HR generalist. If so, Schankin could have earned a salary as low as $35,000 but no more than $70,000. ECF No. 67, PageID.1051. Thus, Schankin's $70,000 starting salary in his new position at Johnstone Supply would have either been the same as, or much greater, than what Schankin would have earned if he stayed at the company in the role of an HR generalist. The jury could have reasonably found that the difference between what Schankin earns in his new job and what he would have earned but for discrimination is a *positive* difference. Therefore, under Michigan law, Schankin would not be entitled to front or back pay, because he would not have suffered economic damages. *See McCamey*, 2001 WL 755919 at *2.

Schankin did not "unquestionably prove" by "uncontradicted and undisputed evidence" that the damage award should have been greater than the nominal damages awarded by the jury. Because the jury could have reasonably found that the only discrimination that occurred related

to the decision not to transfer Schankin to the lower-paying HR generalist position, the evidence was not "uncontradicted" or "undisputed" that his damages should have been much greater.

Nor did Schankin present uncontroverted and undisputed evidence to disprove Commercial Steel's evidence that such generalists could be paid as little as $35,000 per year. Therefore, a reasonable jury could have found that absent discrimination, Schankin would have been a Commercial Steel generalist earning $35,000 per year. Schankin's new salary of $70,000, now raised to $75,000, is significantly higher than that $35,000 salary. Operating under this reasoning, the jury's decision to only award nominal economic damages was a decision a reasonable jury could have made. Because of this, the Court *cannot* order a new trial based on the insufficiency of damages awarded. *See Bell*, 404 F.3d at 1003 (*quoting Walker*, 257 F.3d at 674). Schankin's Motion for a New Trial must be **DENIED**.

## B.   The Jury's Verdict Answers Were Consistent

Along with moving for a new trial based on the insufficiency of damages awarded, Schankin makes two claims for relief based on alleged inconsistencies in the jury's verdict. Schankin argues that he is entitled to have the Court issue an amended judgment pursuant to Fed. R. Civ. P. 49(b)(3). ECF No. 66, PageID.10333, PageID.1038. That Rule states that where the jury answers certain questions on the verdict form in a

8

manner inconsistent with their answers to other questions, the Court may enter a judgment which is appropriate according to the answers. Alternatively, Schankin argues that inconsistent jury verdicts entitle him to a new trial under Fed. R. Civ. P. 49(b)(2).

Schankin argues that considering the evidence presented, the jury's findings that his employment was terminated because of his age, but that Schankin only suffered $2 in economic damages, are inconsistent with one another. As such, Schankin moves the Court to enter a judgment consistent with the larger damages amounts he claims. *Id.* at PageID.1033.

However, for the reasons stated above, the jury's answers were not necessarily inconsistent with one another. Because front and back pay are calculated by subtracting what one earns now from what one would have earned absent discrimination, the jury could have reasonably found that Schankin earns a higher salary now than what he would have earned at Commercial Steel in the absence of any age discrimination. *See McCamey*, 2001 WL 755919, at *2; *Morris*, 459 Mich. at 264. Schankin would therefore have suffered no damages. The jury's findings that he was only entitled to nominal damages for discrimination are consistent with one another, and the Court cannot issue an amended judgment under Fed. R. Civ. P. 49(b)(3). Nor can the Court order a new trial under Fed. R. Civ. P. 49(b)(2).

### III. CONCLUSION

That standard for overturning a jury verdict is difficult to meet, and appropriately so. The question is not whether the Court would have reached the same verdict, or whether most reasonable people would, but whether any reasonable juror could reach the verdict that the jury returned. *Barnes*, 201 F.3d at 821. As explained above, Schankin has not met this high burden. Applying this standard, the Court cannot order a new trial or issue an amended judgment which produces a different result. His Motion for a New Trial must therefore be **DENIED.**

**SO ORDERED.**

Dated: June 26, 2025                /s/Terrence G. Berg
                                    _____
                                    HON. TERRENCE G. BERG
                                    UNITED STATES DISTRICT JUDGE