UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GREG B. SCHANKIN**,<br><br>              Plaintiff,<br><br>   vs.<br><br>**COMMERCIAL STEEL TREATING CORPORATION et al.**,<br><br>              Defendants. | **2:19-CV-12909-TGB-APP**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**<br><br>**(ECF NO. 69)** |

Before the Court is Plaintiff's motion for an award of attorney fees and costs pursuant to Mich. Comp. Laws § 37.2801–02. ECF No. 69. Defendants have filed a response opposing the motion, ECF No. 71, and Plaintiff has replied, ECF No. 72. For the following reason, Plaintiff's motion, ECF No. 69, is **GRANTED IN PART AND DENIED IN PART**.

## I.  BACKGROUND

Plaintiff filed suit on October 4, 2019. ECF No. 1. Plaintiff brought four counts: (I) Age Discrimination in Violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34; (II) Age Discrimination in Violation of the Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2201–211; (III) Retaliation in Violation of the ADEA; and (IV) Retaliation in Violation of ELCRA. *Id.*

On August 30, 2023, the retaliation claims were dismissed on summary judgment. ECF No. 43, PageID.651.

On November 26, 2024, Defendants made a settlement offer of $7,500, which was not accepted. ECF No. 71-5.

On December 10, 2024, a five-day jury trial began on Plaintiff's remaining age discrimination claims. As relevant here, the jury instructions stated, "If you return a verdict for Plaintiff, but Plaintiff has failed to prove actual injury and therefore is not entitled to damages, then you must award nominal damages of $ 1.00." ECF No. 62, PageID.1012.

On December 18, 2024, after two days of deliberation, the jury found in favor of Defendants on the issue of discrimination under ADEA and in favor of Plaintiff on discrimination under ELCRA. ECF No. 64, PageID.1022. The jury awarded nominal back pay damages of $1.00, nominal front pay damages of $1.00, and nominal non-economic damages of $1.00. *Id.* at PageID.1023–24.

On August 6, 2025, Plaintiff moved for an award of attorney fees and costs pursuant to Mich. Comp. Laws § 37.2801–02. ECF No. 69. Defendants responded on August 22, 2025. ECF No. 71. Plaintiff replied on August 29, 2025. ECF No. 72.

## II. LEGAL BACKGROUND

"[P]arties are ordinarily required to bear their own attorney's fees … absent explicit statutory authority." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001).

Here, ELCRA allows the Court to "award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate." Mich. Comp. Laws § 37.2802. In order to be entitled to an award of fees and costs under Mich. Comp. Laws § 37.2802, a party must be "a financially successful or prevailing party." *Dresselhouse v. Chrysler Corp.*, 177 Mich. App. 470, 483 (1989); *accord Meyer v. City of Ctr. Line*, 242 Mich. App. 560, 576 (2000). Accordingly, "[w]hen considering a petition for attorney fees, a court must first determine whether the petitioning plaintiff was the prevailing party." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (citations omitted).

An award of attorney fees must be "reasonable." Mich. Comp. Laws § 37.2802. Thus, upon determining that the party seeking attorney fees is the prevailing party, the Court must next "determine what fee is 'reasonable.'" *Wayne*, 36 F.3d at 531.

"[T]he burden of proving the reasonableness of the requested fees rests with the party requesting them." *Smith v. Khouri*, 481 Mich. 519, 528–29 (2008) (addressing an award of attorney fees under Mich. Ct. R. 2.403); *Guo v. Michigan Tech. Univ.*, No. 21-9, 2025 WL 320542, at *4 (W.D. Mich. Jan. 13, 2025) (applying the Michigan Supreme Court's opinion in *Smith* to Mich. Comp. Laws § 37.2802); *Williams v. Dearborn Motors 1, LLC*, No. 17-12724, 2020 WL 1242821, at *6 (E.D. Mich. Mar. 16, 2020) (Edmunds, J.) (same); *Hrapkiewicz v. Wayne State Univ. Bd. of*

3

*Governors*, No. 328215, 2017 WL 947604, at *8 (Mich. Ct. App. Mar. 9, 2017) (same). The party seeking an award of fees also bears the burden of "documenting the appropriate hours expended and hourly rates." *Rankin-Crosby v. Dep't of Corr.*, No. 313191, 2014 WL 2218735, at *4 (Mich. Ct. App. May 27, 2014) (citation omitted).

In determining the reasonableness of requested fees, "a trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services." *Smith*, 481 Mich. at 530. "In determining this number, the court should use reliable surveys or other credible evidence of the legal market. This number should be multiplied by the reasonable number of hours expended in the case." *Id.* at 530–31.

The number produced by this calculation should be adjusted upward or downward depending on following two sets of nonexclusive factors, some of which overlap:

- the professional standing and experience of the attorney; … the amount in question and the results achieved; the difficulty of the case; the expenses incurred; and the nature and length of the professional relationship with the client.

  …

- the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

  …

- the amount involved and the results obtained;
- the time limitations imposed by the client or by the circumstances;

4

- the nature and length of the professional relationship with the client;
- the experience, reputation, and ability of the lawyer or lawyers performing the services; and
- whether the fee is fixed or contingent.

*Id.* at 529–30 (numeration omitted).

Ultimately, "[t]he decision to grant or deny an award of attorney fees under [Mich. Comp. Laws § 37.2802] is discretionary with the trial court." *Jenkins v. Se. Michigan Chapter, Am. Red Cross*, 141 Mich. App. 785, 800–01 (1985); *Howard v. Canteen Corp.*, 192 Mich. App. 427, 437, 481 N.W.2d 718, 724 (1991), *rev'd on other grounds by Rafferty v. Markovitz*, 461 Mich. 265 (1999).

### III. DISCUSSION

Plaintiff moves for an award of attorney fees and costs pursuant to Mich. Comp. Laws § 37.2801–02. In total, Plaintiff requests $485,505.00 in attorney fees, ECF No. 69-11, and $1,894.14 in costs, ECF No. 69-9.

Defendants argue that (a) an award of nominal damages does not support an award of attorney fees; (b) Plaintiff's suggested hourly rates are not reasonable; (c) a substantial downward adjustment is warranted; and (d) Plaintiff's request for costs is unreasonable. ECF No. 71.

The Court addresses these issues in turn.

#### A.    Plaintiff is the Prevailing Party

In order to be entitled to an award of fees or costs under Mich. Comp. Laws § 37.2802, a party must be the "prevailing party." *Meyer*, 242

Mich. App. at 576. "To be considered a prevailing party, a plaintiff must receive at least some relief on the merits of plaintiff's claim, such as an award of damages, an injunction, or a declaratory judgment on a favorable consent decree or settlement." *Id.*

Defendants appear to argue that Plaintiff is not the prevailing party because he only received nominal fees. ECF No. 71, PageID.1168 ("In the absence of actual relief, the plaintiffs were not prevailing parties entitled to attorney fees.").[1] If that is Defendants' position, it is incorrect; a party who obtains nominal damages is a prevailing party, entitled to reasonable attorney fees and costs under Mich. Comp. Laws § 37.2802. *See Betts v. Costco Wholesale Corp.*, No. 02-73435, 2009 WL 10710039, at *2 (E.D. Mich. Sept. 2, 2009) (Cook, Jr., J.) (finding that a party who obtained nominal damages of three dollars is the prevailing party); *accord Farrar v. Hobby*, 506 U.S. 103, 112 (1992) ("a plaintiff who wins nominal damages is a prevailing party under [42 U.S.C. ]§ 1988"); *Pouillon v. Little*, 326 F.3d 713, 716 (6th Cir. 2003) ("Even a plaintiff who wins only nominal damages is considered a 'prevailing party' for purposes of § 1988."); *Crown Enters. Inc. v. City of Romulus*, No. 286525, 2011 WL 1687625, at *4 (Mich. Ct. App. May 3, 2011) ("because the trial court

---

[1] The exact argument advanced in this section of Defendants' brief is somewhat unclear. Indeed, in other parts of their brief, Defendants appear to concede that Plaintiff is a prevailing party. ECF No. 71, PageID.1168. Given this ambiguity, the Court addresses the question of whether Plaintiff is a prevailing party.

determined that defendant's violation of plaintiff's right to procedural due process qualified for a nominal damage award, plaintiff satisfied the threshold query under § 1988 of being a 'prevailing party'").[2]

Of course, as reflected by the case law upon which Defendants rely, *see* ECF No. 71, PageID.1167–69, while "the 'technical'" nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees." *Farrar*, 506 U.S. at 114; *Pouillon*, 326 F.3d at 716 ("Although the technical nature of a nominal damages award does not disqualify a plaintiff from prevailing party status, it does bear on the reasonableness of any attorney's fees award."). Accordingly, the Court will address what a reasonable attorney fee would be.

---

[2] "Michigan courts regard federal precedents on questions analogous to those present under the Michigan civil rights statutes as highly persuasive." *Collister v. Sunshine Food Stores, Inc.*, 166 Mich. App. 272, 275 (1988). Accordingly, in the seminal Michigan state case on calculating the reasonableness of an attorney fees award under Michigan law, the Michigan Supreme Court relied extensively on federal case law. *Smith*, 481 Mich. at 531. Mich. Comp. Laws § 37.2802 is no exception: Michigan courts frequently cite federal case law as precedential on the question of whether a party is entitled to attorney fees under Mich. Comp. Laws § 37.2802. *See, e.g.*, *Dresselhouse*, 177 Mich. App. at 480. Indeed, in their briefs, both parties rely predominantly on federal case law (addressing federal statutes). *See, e.g.*, ECF No. 71, PageID.1166; ECF No. 72, PageID.1338. Thus, the Court will look to federal precedent in examining whether a party is entitled to attorney fees under Mich. Comp. Laws § 37.2802.

B.     **Reasonable Attorney Fee**

In addressing the reasonableness of the requested fee, the Court must consider whether it should be adjusted downward or upward. *See Smith*, 481 Mich. at 530. Here, Plaintiff's degree of success was extremely minimal, achieving only one dollar in nominal damages for each category of back pay, front pay, and non-economic damages, for a total of $3.00. In comparable cases, other courts, including the Supreme Court, have repeatedly suggested that in cases where a plaintiff's only success is nominal damages, the only reasonable fee usually is no fee at all. *Farrar*, 506 U.S. at 115; *Crown Enters. Inc.*, 2011 WL 1687625, at \*5; *Betts*, 2009 WL 10710039, at \*2.[3]

"[T]he degree of the plaintiff's overall success goes to the reasonableness of a fee award." *Farrar*, 506 U.S. at 114 (citations omitted). When a petitioner receives only nominal damages after seeking compensatory damages, the litigation has "accomplished little beyond giving petitioners the moral satisfaction of knowing that a federal court

---

[3] While a court should generally "begin its analysis by determining" the reasonable rate and the reasonable number of hours expended in the case, *see id.* at 530–31, here, this is not necessary: the Court concludes—as explained below—that based on the technical nature of Plaintiff's victory, the only reasonable attorney fee is no fee at all. Thus, the Court need not "begin its analysis by determining" the reasonable rate and the reasonable number of hours expended in the case, *see id.* at 530–31. *See Betts*, 2009 WL 10710039, at \*2 (denying motion for attorney fees and costs after assessing the degree of success in the litigation without first addressing the reasonable rate and the reasonable number of hours expended in the case).

concluded that their rights had been violated." *Id.* (cleaned up). Specifically, as the Supreme Court has explained, "[i]n a civil rights suit for damages … the awarding of nominal damages … highlights the plaintiff's failure to prove actual, compensable injury." *Id.* at 115. Accordingly, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* (citation omitted); *accord Pouillon*, 326 F.3d at 716 ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." (*citing Farrar*, 506 U.S. at 115)); *Cramblit v. Fikse*, 33 F.3d 633, 635–36 (6th Cir. 1994). Indeed, Michigan courts have gone further, holding—without the qualifier "usually"—that when a plaintiff recovers only nominal damages, "*the only reasonable* attorney's fee … would [be] no fee at all." *Crown Enters. Inc.*, 2011 WL 1687625, at *5 (emphasis added).

Thus, when a plaintiff who obtains only nominal damages seeks attorney fees, the plaintiff must "demonstrate[] that his case is distinguishable from the 'usual' case where a prevailing civil rights plaintiff is not entitled to attorney's fees when all that he has won is a technical vindication of rights in the form of nominal damages." *Pouillon*, 326 F.3d at 717. Accordingly, both the Sixth Circuit and Michigan appellate courts have found that a district court that awards attorney

fees to a plaintiff who has only obtained nominal damages absent a showing that the case is distinguishable from the usual case has abused its discretion. *See*, *e.g.*, *id.*; *Crown Enters. Inc.*, 2011 WL 1687625, at \*5.

The Sixth Circuit has reaffirmed these principles as recently as 2019. In *HLV, LLC v. Van Buren County*, the Sixth Circuit held that because the plaintiff "sought considerable compensatory and punitive damages and was awarded only $1.00 … the district court did not abuse its discretion by concluding that [plaintiff's] attorneys achieved a degree of success insufficient to warrant an award of attorney fees and costs." 784 F. App'x 451, 454 (6th Cir. 2019) (cleaned up). In such a circumstance, the Sixth Circuit held, "the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant." *Id.* (citation omitted).

Here, Plaintiff initially brought four counts. ECF No. 1. Two of these counts were dismissed at the summary judgment stage, ECF No. 43, and a jury trial was held on the remaining two counts. ECF No. 64. Prior to the jury trial, Plaintiff stated that it sought a total of $1,400,000.00 in damages for back pay and front pay, liquidated damages (multiplied by two), and compensatory damages. After trial, the jury found in favor of Plaintiff on one of these counts and found in favor of Defendants on the other count. ECF No. 64, PageID.1022. On the sole count on which Plaintiff prevailed, the jury awarded nominal back pay damages of $1.00, nominal front pay damages of $1.00, and nominal non-

economic damages of $1.00. *Id.* at PageID.1023–24. The Court had instructed the jury to award nominal damages of $1.00 if "Plaintiff has failed to prove actual injury and therefore is not entitled to damages, then you must award nominal damages of $ 1.00." ECF No. 62, PageID.1012.

Accordingly, Plaintiff has recovered only nominal damages because of his failure to prove an essential element of his claim—actual injury entitling him to monetary relief. In such a circumstance, "the only reasonable fee is usually no fee at all." *Farrar*, 506 U.S. at 115; *Crown Enters. Inc.*, 2011 WL 1687625, at *5; *Betts*, 2009 WL 10710039, at *2. Indeed, in light of the considerable damages sought by Plaintiff, his recovery was "so insignificant that the judgment amounts to a victory for the defendant." *HLV, LLC*, 784 F. App'x at 454. Here, as in *Farrar*, the "litigation accomplished little beyond giving [Plaintiff] the moral satisfaction of knowing that a federal court concluded that [his] rights had been violated." *Farrar*, 506 U.S. at 115 (cleaned up). Thus, Plaintiff's attorneys did not achieve a degree of success sufficient to warrant an award of attorney fees. *HLV, LLC*, 784 F. App'x at 454.

Plaintiff argues that "[t]he case law on attorney fees shows that the amount a jury awards has little to no effect on the award of attorney fees." ECF No. 72, PageID.1338. This position ignores the Supreme Court's instruction that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar*,

11

506 U.S. at 114 (citation omitted); *accord Komendat v. Gifford*, No. 366183, 2024 WL 4847835, at *6 (Mich. Ct. App. Nov. 20, 2024).

Indeed, the cases cited by Plaintiff demonstrate the point that a Plaintiff must achieve more than nominal damages to be entitled to some reasonable attorney's fees. For instance, Plaintiff relies on *Richardson v. City of Chicago, Ill.*, 740 F.3d 1099 (7th Cir. 2014). ECF No. 72, PageID.1338. But, in that case, the Seventh Circuit found that "[i]t is enough to rely on *Farrar,* which holds that establishing an entitlement to nominal damages does not justify an award of attorneys' fees under § 1988." *Richardson*, 740 F.3d at 1102. And in contradistinction to this case, the plaintiff in *Richardson* also obtained $3,000 in punitive damages. *Id.* at 1102. Such an award of punitive damages made all the difference: "[i]f the jury had stopped with the $1 in nominal damages, then under *Farrar* an award of attorneys' fees would be un-warranted. But the $3,000 in punitive damages was enough, in the judge's view, to justify some attorneys' fees." *Id.*

Similarly, in *Morimanno v. Taco Bell*, cited by Plaintiff, ECF No. 72, PageID.1338, the district court awarded attorney fees only *after* determining that the plaintiffs' victory (of $5,400 in compensatory damages and $3,000 in punitive damages for one plaintiff and $4,900 in compensatory damages and $3,000 in punitive damages for another plaintiff) was *not* nominal. 979 F. Supp. 791, 794 (N.D. Ind. 1997) ("This issue turns on whether the award of damages in this case was nominal.").

12

In *Morimanno,* the district court concluded rather definitively that "a nominal victor is generally not entitled to attorney's fees if the results achieved are *de minimis." Id.* at 795.

Indeed, in each of the cases cited by Plaintiff, attorney fees were awarded only to plaintiffs who obtained *more* than just nominal damages. *See, e.g., Kidis v. Reid,* 976 F.3d 708 (6th Cir. 2020) (awarding attorney fees when plaintiff won punitive damages of $200,000, reduced to $50,000); *Planned Parenthood of N. New England v. Ayotte,* 571 F. Supp. 2d 265, 271 (D.N.H. 2008) (finding that plaintiff was the prevailing party because the district court granted a declaratory judgment and a permanent injunction).

Even the First Circuit's decision in *Wagner v. City Of Holyoke, Massachusetts*, 404 F.3d 504 (1st Cir. 2005)—where the court summarily affirmed a district court's award of attorney's fees after the jury awarded only nominal damages—supports the general rule that such fees are appropriate only where the plaintiff achieves some meaningful success beyond nominal relief.

In *Wagner*, the district court granted "[a] very modest" award of attorney's fees—albeit only after reducing the requested fees by 90%— because Plaintiff had achieved pre-trial injunctive relief that caused a police department to change its regulations. *See Wagner v. City Of Holyoke, Massachusetts,* 98-30170, ECF No. 378 at 3 (D. Mass. April 27, 2004). Specifically, although the plaintiffs only achieved "nominal

success on the retaliation claim," plaintiffs also obtained preliminary success in a ruling holding two police department regulations facially unconstitutional. *Id.*

*Wagner* does not support granting attorney's fees in this case, where Plaintiff's success case was much more modest and led to *no* injunctive relief.

In other words, Plaintiff here can point to *no* case law in which a plaintiff who obtains *only* nominal damages and no form of equitable relief is awarded attorney fees. *See* ECF No. 72, PageID.1339.

Of course, the Court must "consider the totality of special circumstances applicable to the case at hand" in determining whether an award of attorney fees is proper. *See Smith*, 481 Mich. at 529. Here, however, Plaintiff "has not demonstrated that his case is distinguishable from the 'usual' case where a prevailing civil rights plaintiff is not entitled to attorney's fees when all that he has won is a technical vindication of rights in the form of nominal damages." *Pouillon*, 326 F.3d at 717. Under these circumstances, the Court's discretion to award Plaintiff any attorney's fees is virtually nil.

Plaintiff here has not demonstrated that the circumstances of this case compel a departure from the usual rule that a plaintiff who has only been awarded nominal damages should not be awarded attorney fees. For instance, while Plaintiff states that the case was uniquely difficult to litigate and try to the jury, Plaintiff does so in a conclusory fashion.

14

The Court finds that the circumstances of this case do not justify awarding attorney fees. While this case ran for an unusually long time, it did not involve novel issues of law or uniquely burdensome discovery issues. Most importantly, Plaintiff obtained only $3.00 in nominal damages, far short of the $1.4 million that he requested. Plaintiff did not obtain any equitable relief, and the lawsuit did not produce any significant change in law or policy.

Accordingly, in light of these circumstances, Plaintiff's motion for an award of attorney fees is **DENIED**. Nor is there any reason to treat Plaintiff's request for paralegal fees differently. Thus, Plaintiff's motion for an award of paralegal fees is **DENIED**.

### C.    Costs

Plaintiff also seeks cost under Mich. Comp. Laws § 37.2802. When courts have declined to award attorney fees because the plaintiff was only awarded nominal damages and was not otherwise successful, they typically also decline to award costs. *See*, *e.g.*, *HLV, LLC*, 784 F. App'x at 454 ("We have deemed the denial of prevailing parties' motions for costs proper in situations in which the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant." (cleaned up)); *Virostek v. Liberty Twp. Police Dep't/Trs.*, 14 F. App'x 493, 511 (6th Cir. 2001) ("In light of [the insignificant recovery of the plaintiff] and the fact that [the plaintiff] recovered no more than $1 in nominal damages in this case, we also do not believe that the district court abused

its discretion in denying her request for costs."). This is no less true in the context of Mich. Comp. Laws § 37.2802. *See Betts*, 2009 WL 10710039, at *2 (denying plaintiffs' motion for attorneys' fees and costs after finding that plaintiffs only obtained nominal damages). Nor have the parties provided any justification as to why Plaintiff's request for costs should be treated differently than his request for attorney fees.

The Court nevertheless concludes that an award of costs to Plaintiff is appropriate. The Court has denied plaintiff's motion for attorney's fees because, under Mich. Comp. Laws § 37.2802, a court may only award "*reasonable* attorney fees and witness fees," Mich. Comp. Laws § 37.2802 (emphasis added), and, under binding case law, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only *reasonable* fee is usually no fee at all." *Pouillon*, 326 F.3d at 716 (emphasis added) (*citing Farrar*, 506 U.S. at 115). However, under Mich. Comp. Laws § 37.2802, while an award of attorney fees must be "*reasonable,*" no such limit exists on the court's discretion to award other costs of litigation. *See* Mich. Comp. Laws § 37.2802. Instead, Mich. Comp. Laws § 37.2802 states that a court may award costs of litigation "if the court determines that the award is appropriate."

Here, it is appropriate to award Plaintiff those costs that he himself has borne: it would be patently unfair to Plaintiff to leave him bearing costs for a litigation that culminated in a jury verdict finding that he had

16

been discriminated against. Thus, Plaintiff's motion for an award of cost is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney for an award of attorney fees and costs pursuant to Mich. Comp. Laws § 37.2801–02 (ECF No. 69) is hereby **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED.**

Dated: March 31, 2026          Terrence G. Berg
_____
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE